# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 98-3391

_____

National Labor Relations Board,    *
                                             *

           Petitioner,   *

                                             *

      v.                            *   Application for Enforcement

                                             *   of an Order of the

Beverly Health and Rehabilitation   *   National Labor Relations Board

Services, Inc., Beverly Enterprises-   *

Missouri, Inc., doing business as   *

New Madrid Nursing Center,   *

                                             *

         Respondent.   *

_____

Submitted:  March 11, 1999

Filed:  August 3, 1999

_____

Before McMILLIAN and MORRIS SHEPPARD ARNOLD, Circuit Judges, and
    NANGLE,[1] District Judge.

_____

McMILLIAN, Circuit Judge.

The National Labor Relations Board (the Board) petitions pursuant to 29 U.S.C.
§ 160(e) for enforcement of its order entered pursuant to its authority under 29 U.S.C.

_____

[1]The Honorable John F. Nangle, United States District Judge for the Eastern
District of Missouri, sitting by designation.

§ 160(c). See Manufacturing, Prod. & Serv. Workers Union, Local 24, 325 N.L.R.B. No. 166, 1998 WL 318971 (June 12, 1998) (order adopting and incorporating the decision of the administrative law judge) (hereinafter "NLRB order"). Beverly Health and Rehabilitation Services, Inc. (Beverly) opposes the Board's petition, arguing that the order is not supported by substantial evidence in the record as a whole and that the Board exceeded its authority in imposing certain remedies. For reasons stated below, the Board's order is enforced.

## Background

Beverly operates several nursing homes, including one in New Madrid, Missouri. On July 10, 1995, the Manufacturing, Production and Service Workers Union, Local 24, AFL-CIO (the union), was certified as the exclusive collective bargaining representative for Beverly's non-professional employees at the New Madrid facility. Thereafter, representatives of the union and Beverly met on several occasions from September 1995 to June 1996 in an effort to negotiate a collective bargaining agreement. On or about June 25, 1996, when it appeared that an agreement was imminent, Beverly received a petition signed by 22 employees in the bargaining unit stating their desire to terminate the union's representation. By letter dated July 1, 1996, Beverly notified the union that it was withdrawing all prior representations and proposals it had made in the negotiations, but would consider new proposals from the union. Upon receiving that letter on July 8, 1996, the union representative, on July 8 and again on July 10, 1996, telephoned and left messages for the Beverly representative – each time receiving no response. On July 11, 1996, Beverly received a second decertification petition, this time containing 25 employees' signatures. At that time, there were 45 employees in the collective bargaining unit. On July 17, 1996, Beverly notified employees at the New Madrid facility that they no longer were represented by the union, and the company removed union materials from a bulletin board to which the union had previously been granted access under an interim agreement.

The union filed a complaint with the Board, alleging that Beverly had violated Sections 8(a)(1) and 8(a)(5) of the National Labor Relations Act (NLRA), 29 U.S.C. § 158(a)(1), (5). The matter was tried before an administrative law judge (ALJ), who recommended a decision in favor of the union. Under the "certification year" rule, the ALJ explained, the union was entitled to a presumption of majority status and good faith bargaining from Beverly for one year following the union's certification as the collective bargaining representative. Beverly "was not privileged to entertain a good-faith doubt regarding the Union's majority status until the conclusion of the certification year." NLRB order at 6, 1998 WL 318971, at *8 (citing cases). However, Beverly withdrew its bargaining proposals without valid justification before the certification year ended on July 10, 1996. The ALJ opined that Beverly had "'seized on the . . . legally meaningless employee petition as a mechanism for escape from its statutory duty to bargain.'" Id. (quoting Den-Tal-EZ, Inc., 303 N.L.R.B. 968, 970 (1991), enforced sub nom. NLRB v. Star Dental Prods., A Div. of Den-Tal-EZ, Inc., 986 F.2d 1409 (3d Cir. 1993)). The ALJ also determined that Beverly had engaged in unfair labor practices when it unilaterally changed working conditions and announced to employees that they were no longer represented by the union. The ALJ concluded that

**Discussion**

Upon certification as an exclusive bargaining representative, a union is entitled to an irrebuttable presumption that it retains majority support for a reasonable period, usually one year, and during that time the employer has a duty to negotiate in good faith with the union.  See Brooks v. NLRB,

the union a reasonable opportunity to engage in the good faith bargaining to which it was entitled. The Board's requirement that Beverly reinstate its earlier proposals similarly restores the status quo between the parties before the unfair labor practices began. The Board's remedies therefore prevent Beverly from benefitting from its wrongdoing and effectuate policies underlying the NLRA.

The order of the Board is enforced.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.